1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUAN ADRIAN GALVAN,

                  Petitioner,

     v.

LAURA HERMOSILLO, et al.,

                  Respondents.

Case No. 2:25-cv-02349-TMC

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS

## I.   INTRODUCTION AND BACKGROUND

Petitioner Juan Adrian Galvan is an individual who is detained at the Northwest

Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington

on the charge that he is unlawfully present in the United States without admission or parole.

Dkt. 1 ¶¶ 44–45. He entered the United States in 2005 and resided in Oregon before being

apprehended by immigration officers on November 7, 2025. *Id.* ¶¶ 43–44. To date, he has not

received a custody redetermination hearing before an Immigration Judge ("IJ"). *Id.* ¶¶ 16, 47–49;

Dkt. 6 at 3.

On November 21, 2025, Galvan filed a petition for a writ of habeas corpus requiring

Respondents to "release Petitioner or, in the alternative, provide Petitioner with a bond hearing

pursuant to 8 U.S.C. § 1226(a) within seven days." Dkt. 1. On November 25, the Court issued an

order to show cause directing Respondents to file a return to the habeas petition. Dkt. 4. On

December 2, Federal Respondents filed a return, and Galvan filed a traverse the next day. Dkt. 6;

Dkt. 7. The habeas petition is now ripe for the Court's review. For the reasons set forth below,

the Court GRANTS the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their

respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the

preponderance of the evidence that he is "in custody in violation of the Constitution or laws or

treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C.

§ 2241(c).

## III.    DISCUSSION

Galvan argues that Respondents have unlawfully subjected him to mandatory detention

consistent with their practice of treating every person who entered the United States without

inspection as an "applicant for admission" who is "seeking admission" under 8 U.S.C.

§ 1225(b)(2). Dkt. 1 ¶¶ 23–42, 50–52. In *Rodriguez Vazquez v. Bostock*, this Court granted

summary judgment to members of a certified Bond Denial Class, holding that their detention

under § 1225(b)(2) was unlawful under the Immigration and Nationality Act ("INA"). ---

F.Supp.3d ----, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *27 (W.D. Wash. Sept. 30,

2025). The Court defined the Bond Denial Class to include the following individuals:

> All noncitizens without lawful status detained at [NWIPC] who (1) have entered or
> will enter the United States without inspection, (2) are not apprehended upon
> arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c),
> § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a
> bond hearing.

*Id.* at *6.

1    Like members of the Bond Denial Class, Galvan, who resided in the United States for

2    years before his apprehension by immigration agents, is not "seeking admission" and thus cannot

3    be subject to mandatory detention under § 1225(b)(2). *See id.* at *16–*27. Instead, he is subject

4    to detention under § 1226(a), which permits release on bond. *Id.*

5    **A.     This case is ripe for the Court's consideration, and Galvan is not required to
     exhaust administrative remedies before seeking habeas relief.**

6    Federal Respondents argue that this matter is not yet ripe for the Court's consideration

7    because an IJ has not yet made any determination regarding Galvan's eligibility for bond. Dkt. 6

8    at 3. In the alternative, they contend that even if the case is ripe, Galvan has failed to exhaust his

9    administrative remedies. *Id.* at 3–4. Notwithstanding those objections, they do not oppose Galvan

10   being considered a member of the Bond Denial Class for the purposes of this habeas case. *Id.* at

11   4.

12   "Article III's ripeness doctrine is designed to 'prevent the courts, through premature

13   adjudication, from entangling themselves in abstract disagreements.'" *Flaxman v. Ferguson*, 151

14   F.4th 1178, 1184 (9th Cir. 2025) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S.

15   568, 580 (1985)). "Constitutional ripeness equates with Article III's injury-in-fact requirement

16   for standing." *Id.* at 1184–85. "The well-worn prerequisites are an invasion of a legally protected

17   interest that is (a) concrete and particularized, and (b) actual and imminent, not conjectural or

18   hypothetical." *Id.* at 1185 (citation modified) (quoting *Twitter, Inc. v. Paxton*, 56 F.4th 1170,

19   1173 (9th Cir. 2022)).

20   The fact that Galvan has not yet had a bond hearing does not mean his habeas petition is

21   not ripe for review. There is nothing abstract or hypothetical about this dispute. Galvan is

22   suffering a concrete and actual injury—he is detained in federal immigration custody right now,

23   based on a mandatory detention policy that this Court has already concluded violates the INA.

24

Federal Respondents make clear in their response that Galvan is detained pursuant to this policy: "While acknowledging the Court's decision in *Rodriguez Vazquez*, Federal Respondents continue to believe Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)." Dkt. 6 at 1.

Similarly, although the portion of the *Rodriguez Vazquez* class definition that excludes detainees subject to detention under other parts of the INA references "the time the noncitizen is scheduled for or requests a bond hearing," whether a detainee has requested a bond hearing does not change the legality of their custody under § 1225(b)(2). The statutory analysis of *Rodriguez Vazquez* applies with equal force to Galvan and others like him, whether they have yet requested hearings or not. Where, as here, an individual "is in custody in violation of the . . . laws . . . of the United States," the Court is empowered to grant the petitioner's writ of habeas corpus. *See* 28 U.S.C. § 2241(a). This case is therefore ripe for the Court's consideration.

Nor is Galvan required to exhaust administrative remedies before seeking habeas relief from this Court. The Ninth Circuit has held that "[w]hen a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, *unless exhaustion is excused*." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (emphasis added). The Court finds that exhaustion is excused here. The Board of Immigration Appeals has already adopted Federal Respondents' position that the IJs lack jurisdiction to grant bond to any detainee who is charged with entering the United States without admission or parole, and the Court has already held that this position is inconsistent with the INA. *See In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025); *Rodriguez Vazquez*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *27. Federal Respondents do not dispute that Galvan is currently subject to mandatory detention without the possibility of bond under § 1225(b)(2), consistent with agency-wide practice. Dkt. 6

at 1–3. Galvan need not go through a futile exercise of requesting a bond hearing while still subject to unlawful mandatory detention in order to seek habeas relief. *See Carafas v. LaVallee*, 391 U.S. 234, 239 (1968) (explaining that under the federal habeas statute, "(t)he court shall [. . .] dispose of the matter as law and justice require" (quoting 28 U.S.C. § 2243)).

**B.    The Court declines to order the immediate release of Galvan.**

Federal Respondents argue that if the Court grants Galvan's habeas petition, the appropriate relief is to order that he be provided a bond hearing under § 1226(a). Dkt. 6 at 4. Galvan argues that he is entitled to immediate release because Respondents have not identified a "specific interest" in maintaining his detention. Dkt. 7 at 5–6; *see* Dkt. 1. The Court concludes that a bond hearing is the appropriate relief at this time.

"In modern habeas practice, courts often 'employ a conditional order of release,' which orders the government to release the petitioner unless it 'takes some remedial action' that corrects" the government's violation of the law. *Cardozo v. Bostock*, No. 2:25-CV-00871-TMC, 2025 WL 2592275, at *2 (W.D. Wash. Sept. 8, 2025) (quoting *Harvest v. Castro*, 531 F.3d 737, 741–42 (9th Cir. 2008)). A conditional writ is the "typical relief granted" in a federal habeas case. *Doe v. Garland*, 109 F.4th 1188, 1193 (9th Cir. 2024) (quoting *Herrera v. Collins*, 506 U.S. 390, 403 (1993)). After issuing a conditional writ, a district court retains jurisdiction to ensure compliance with the writ and may order unconditional release if the government fails to comply with the initial habeas order. *Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020).

The Court concludes that Galvan's request for release is premature. Section 1226 requires only consideration of release on bond, and a bond hearing is therefore sufficient to correct Respondents' ongoing violation of the INA as to Galvan. *See* 8 U.S.C. § 1226(a). If Respondents fail to comply with this order, Galvan may seek further relief from the Court at that time.

## IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.      The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2.      Within fourteen days of receiving Petitioner Juan Adrian Galvan's request for a

bond hearing, Respondents must either release him or provide him a bond hearing

under 8 U.S.C. § 1226(a).

Any fee petition should be filed within the deadlines set by the Equal Access to Justice

Act, 28 U.S.C. § 2412.

Dated this 4th day of December, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 6